IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ADVANTAGE INFORMATION SERVICES, LLC**                                              **PLAINTIFF**

           v.            Civil No. 06-3059

**BUSINESS INFORMATION SOLUTIONS GROUP and
EXPERIAN**                                                                          **DEFENDANTS**

O R D E R

    Now on this 13th day of December, 2006, comes on for consideration the **Motion Of Experian Information Solutions, Inc. To Dismiss** (document #6) and plaintiff's **Motion To Amend Complaint** (document #10), and from said motions, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff alleges the breach of a written contract between it and the defendants.  Experian Information Solutions, Inc. ("Experian") moves to dismiss for three reasons:  failure to state a claim; improper naming of Experian; and non-existence of any separate entity known as Business Information Solutions Group.

    2.   The contention that Experian is improperly named might well be resolved by plaintiff's Motion To Amend Complaint, if it were to be granted.  However, the motion does not comply with **Local Rule 5.5(e),** and -- as explained in ¶5, *infra* -- the Court concludes that the proposed amendment would be futile.  The Motion To Amend Complaint will, therefore, be denied.

    3.   The contention that defendant Business Information Solutions Group ("BSIG") is only a division of its corporate

parent, Experian Information Solutions, Inc., and is not an independent legal entity with the capacity to sue or be sued, appears to be irrelevant, inasmuch as the Complaint makes no allegations against BSIG.  The Motion To Dismiss as to BSIG will, therefore, be granted.

    4.    Turning to the **F.R.C.P. 12(b)(6)** argument, the Court notes that a complaint should not be dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," viewing the allegations in the complaint in the light most favorable to the plaintiff.  **<u>Krentz v. Robertson Fire Protection District</u>, 228 F.3d 897 (8th Cir. 2000)**.

    The material allegations of the Complaint are as follows:

* That plaintiff and Experian[1] had been doing business pursuant to a contract appended to the Complaint and entitled "Membership Contract."  The Membership Contract allowed for termination by either party upon ten (10) days written notice.

* That plaintiff was required to sign an addendum (the "Addendum") to the Membership Contract on January 9, 2004, which provided for immediate termination if Experian "believes" that there has been a material

---

[1] Although the Complaint named two defendants, plaintiff consistently referred to them as "defendant," and appeared to intend by this term to refer to Experian.  Indeed, there are no allegations whatsoever as against the other named defendant.

      breach.

* That the Addendum changed the terms of the Membership Contract such that it could be terminated only for breach.

* That on July 24, 2006, Experian notified plaintiff by e-mail of its intention to terminate the Membership Contract "due to not meeting Experian membership guidelines."

* That on August 24, 2006, Experian terminated plaintiff's membership.

* That the basis of the termination has not been further explained, and that the termination was done in bad faith.

5.    In resolving a motion to dismiss in a case involving contracts, it is proper for the Court to consider the contract documents appended to the Complaint. **Stahl v. U.S. Department of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003)**. An examination of the documents in question reflects that plaintiff cannot prove that the Addendum relates to the Membership Contract. The Membership Contract was signed on June 1, 1999. the Addendum recites that it amends a Reseller Services Agreement dated June 10, 1999. The Membership Contract deals with the terms pursuant to which plaintiff can request, and Experian will supply, credit information. The Addendum deals with the delivery of information

via internet, and security concerns related to that process. Thus the names of the documents, the dates they were signed, and the content thereof, all militate against a finding that the provisions of the Addendum create a cause of action with reference to the Membership Contract. As noted in **Woody v. Dirani**, **2006 WL 2523458 (W.D. Ark. 2006)**, "[w]here the language of the attached contract contradicts the allegations of the complaint, the contractual language governs for the purposes of dismissal."

In addition, the Court notes that the Membership Contract allowed for termination based on ten days' written notice, and that according to the Complaint, Experian gave thirty days' written notice of termination.

For the foregoing reasons, the Court finds that plaintiff can prove no set of facts in support of its claim which would entitle it to relief, and the Motion To Dismiss with regard to Experian will be granted.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Amend Complaint** (document #10) is **denied.**

**IT IS FURTHER ORDERED** that the **Motion Of Experian Information Solutions, Inc. To Dismiss** (document #6) is **granted**, and this matter is **dismissed.**

**IT IS SO ORDERED.**

                                      **/s/ Jimm Larry Hendren**
                                      **JIMM LARRY HENDREN**
                                      **UNITED STATES DISTRICT JUDGE**